UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rickey[1] McCall, #211464, | ) | C/A No. 4:16-cv-01188-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Johnny McCloud; | ) | |
| Robert Kilgore; | ) | |
| Darlington County Solicitor; | ) | |
| Wayne Byrd, and | ) | |
| John Does, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a state prison inmate.[2] Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

Rickey McCall ("Plaintiff") states he was coerced into pleading guilty in 2004 to "trumped up charges" in Darlington County.[3] He states he served a five-year sentence on the convictions.

---

[1] In the South Carolina Department of Corrections inmate locator records, Plaintiff's first name is spelled Ricky. *See* http://public.doc.state.sc.us/scdc-public/ (last consulted Apr. 29, 2016). It also appears that the Darlington County Clerk of Court uses the spelling "Ricky" for Plaintiff's records. *See* http://publicindex.sccourts.org/Darlington/PublicIndex/PISearch.aspx (last consulted Apr. 29, 2016). Plaintiff states that his birth certificate name is "Rickey," which is the spelling in his Complaint. ECF No. 11.

[2] Plaintiff was confined in a state prison at the time he filed this case. Based on a recent change-of-address notice, ECF No. 16, and review of online records of the South Carolina Department of Corrections (SCDC), it appears that Plaintiff is no longer incarcerated in state prison.

[3] Although Plaintiff's pleading includes a date of "2002" for the charges, documentation from Darlington County shows that the charge on which the five-year sentence was entered was actually

1

Compl. 11-14, ECF No. 1. He sues the Darlington County Sheriff, an investigator, the Solicitor, and his defense counsel, claiming that he was charged with the crimes to which he ultimately pleaded guilty as "revenge" by Defendant Investigator McCloud and that he was coerced by Defendant Kilgore into pleading guilty. *Id.* at 3-5, 11. Plaintiff seeks declaratory and injunctive relief exonerating him of the convictions entered on his guilty plea. He also seeks compensatory and punitive damages. *Id.* at 8.

Plaintiff responded to special interrogatories issued by the court seeking further information about the guilty plea, ECF No. 11, and later provided documentation from the Darlington County Clerk of Court, ECF No. 17. Those documents show that on October 19, 2004, Plaintiff pleaded guilty to three counts (larceny of bicycles, petit larceny, and burglary) all with a violation date of August 14, 2003. Plaintiff received a five-year sentence on the burglary conviction and 30-day sentences on each of the larceny convictions. ECF No. 17-1. In his Answers to the Court's Special Interrogatories, Plaintiff states that he did not file a direct appeal or a post-conviction relief (PCR) application to challenge the subject convictions. ECF No. 11.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*,

---

filed in 2003. ECF No. 17-1. Plaintiff has a considerable record with the Darlington County Clerk of Court, but the Clerk's online records show only two offenses filed in 2002: one count of giving false information to police and one count of driving under suspension. Plaintiff pleaded guilty to both charges and received a 30-day sentence on each. http://publicindex.sccourts.org/Darlington/PublicIndex/PISearch.aspx (last consulted Aug. 5, 2016). Accordingly, it appears that Plaintiff was mistaken about the date of the subject conviction when he prepared his Complaint and, in light of his submission of additional documentation, the 2004 burglary conviction on charges brought in 2003 is the one about which he complains in this case.

*Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations in connection with state criminal charges,[4] the Court stated:

> We hold that, in order to recover damages [or other relief][5] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996) (emphasis added). Plaintiff's claims of unconstitutional confinement fall within the coverage of § 1983.

[5] *See Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).

> invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.

*Heck* does not apply in the context of claims of unconstitutionality in *ongoing* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). However, as this case involves a completed criminal process, a guilty plea, and complaints about how the criminal matter was conducted, *Wallace* is inapplicable and *Heck* controls. In any event, the limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside. Therefore, a potential § 1983 plaintiff need not worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. at 391-92; *Benson v. N.J. State Parole Bd.*, 947 F. Supp. 827, 830 (D.N.J. 1996) (following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

4

Plaintiff acknowledges that he did not pursue a direct appeal or a PCR application to challenge the convictions of which he now complains. Because Plaintiff has not been successful in having his 2004 Darlington County convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations, if true, would necessarily invalidate his convictions, he cannot sue any of the Defendants based on their involvement in his prosecution and ultimate conviction. As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

August 31, 2016                                                              Kaymani D. West
Florence, South Carolina                                               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).