UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Rickey McCall, ) | Civil Action No.: 4:16-cv-01188-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Johnny McCloud, Robert Kilgore, ) | |
| Darlington County Solicitor, Wayne ) | |
| Byrd, and John Does, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Rickey McCall, proceeding pro se, filed this action against the above-captioned Defendants. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1]  *See* R & R, ECF No. 21. The Magistrate Judge recommends that the Court summarily dismiss Plaintiff's complaint without prejudice. R & R at 5.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff has not filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error and hereby adopts and incorporates by reference the R & R [ECF No. 21] of the Magistrate Judge. Accordingly, the Court **DISMISSES** Plaintiff's complaint *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
September 20, 2016  R. Bryan Harwell
United States District Judge

---

[2] Objections to the R & R were due by September 19, 2016. ECF No. 21.